B 1D (Official Form 1, Exhibit D) (12/08)

## UNITED STATES BANKRUPTCY COURT

### District of Montana

In re   **KAEL D WILTSE** _____        Case No. _09- 61817_
                    Debtor                                                              *(if known)*

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the **180 days before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

**B 1D (Official Form 1, Exh. D) (12/08) – Cont.**

❏ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

❏ Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____

**KAEL D WILTSE**

Date: _10·01.09_____

B6A (Official Form 6A) (12/07)

In re:   **KAEL D WILTSE**                                        Case No. _____
                    _____                              (If known)
                                    Debtor

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| | | | | |

Total   ➤   | 0.00 |

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re   **KAEL D WILTSE** _____     Case No. _____
                    Debtor                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | PORTABLE DVD PLAYER 50<br>1 BARBEQUE 70<br>HAND TOOLS (MISC) 250<br>POWER TOOLS (MISC.) 200 | | 570.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | 10 GENERAL READING BOOKS 50<br>10 DVDS 50 | | 100.00 |
| 6. Wearing apparel. | | CLOTHING | | 150.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | | CAMPING EQUIPMENT (MINIMAL) 100<br>FISHING EQUIPMENT (MINIMAL) 100<br>*1 BB GUN PISTOL-AIR POWERED 30<br>*2 357 PISTOLS 200<br>*1 30-06 RIFLE 150<br>*1 30-30 RIFLE 200<br>*10-22 RIFLE 120<br>*1 45-70 RIFLE 200<br>*THESE GUNS ARE IN DUANE WILTSE'S POSSESSION.  THEY WERE SUPPOSED TO BE GIVEN TO ME PER MY GRANDMOTHER AS PART OF MY GRANDFATHER'S WISHES, HOWEVER WITH MY PROBATION, DUANE AGREED TO HOLD THEM AS I CANNOT HAVE WEAPONS IN MY POSSESSION AT THIS TIME | | 1,100.00 |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re   **KAEL D WILTSE** _____,          Case No. _____
                          Debtor                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | DUANE & JAN WILTSE ACCOUNTS RECEIVABLE  FOR WORK DONE AND NOT YET PAID FOR | | 1,393.70 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1989 RANGE ROVER DEBTOR IS IN THE PROCESS OF GETTING TITLE TO THIS VEHICLE & HAS REGISTERED IT IN HIS NAME.  IT IS CURRENTLY TITLED UNDER THE NAME OF  SUSAN K. WHITESELL.  DEBTOR HAS BEEN DRIVING THIS AND HAS CLAIMED IT AS HIS OWN SINCE SEPTEMBER, 2008 | | 1,500.00 |

B6B (Official Form 6B) (12/07) -- Cont.

In re   KAEL D WILTSE _____    Case No. _____
                        Debtor                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1993 EXCE RV TRAILER (FUSE BLOWN & LEVELING JACKS ARE NOT WORKING)** | | 2,200.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **PERSONAL LAPTOP 200 PERSONAL PRINTER 75 MISC. (STAPLERS, PENS, PAPER, ETC) 35** | | 310.00 |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | DOG | | 50.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

__2__   continuation sheets attached

Total ⟋   $ 7,373.70

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B6C (Official Form 6C) (12/07)

In re   KAEL D WILTSE                                        Case No. _____
        _____                             (If known)
                        Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $136,875
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 10 GENERAL READING BOOKS 50<br>10 DVDS 50 | MCA § 25-13-609(1) | 100.00 | 100.00 |
| 1989 RANGE ROVER DEBTOR IS IN THE PROCESS OF GETTING TITLE TO THIS VEHICLE & HAS REGISTERED IT IN HIS NAME.  IT IS CURRENTLY TITLED UNDER THE NAME OF  SUSAN K. WHITESELL.  DEBTOR HAS BEEN DRIVING THIS AND HAS CLAIMED IT AS HIS OWN SINCE SEPTEMBER, 2008 | MCA § 25-13-609(2) | 2,500.00 | 1,500.00 |
| CAMPING EQUIPMENT (MINIMAL) 100<br>FISHING EQUIPMENT (MINIMAL) 100<br>*1 BB GUN PISTOL-AIR POWERED 30<br>*2 357 PISTOLS 200<br>*1 30-06 RIFLE 150<br>*1 30-30 RIFLE 200<br>*10-22 RIFLE 120<br>*1 45-70 RIFLE 200<br>*THESE GUNS ARE IN DUANE WILTSE'S POSSESSION.  THEY WERE SUPPOSED TO BE GIVEN TO ME PER MY GRANDMOTHER AS PART OF MY GRANDFATHER'S WISHES, HOWEVER WITH MY PROBATION, DUANE AGREED TO HOLD THEM AS I CANNOT HAVE WEAPONS IN MY POSSESSION AT THIS TIME | MCA § 25-13-609(1) | 1,100.00 | 1,100.00 |
| CLOTHING | MCA § 25-13-609(1) | 150.00 | 150.00 |
| PERSONAL LAPTOP 200<br>PERSONAL PRINTER 75<br>MISC. (STAPLERS, PENS, PAPER, ETC) 35 | MCA § 25-13-609(1) | 310.00 | 310.00 |

B6C (Official Form 6C) (12/07) - Cont.

In re   KAEL D WILTSE                                              Case No. _____
                        _____
                                Debtor                                                        (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| PORTABLE DVD PLAYER 50<br>1 BARBEQUE 70<br>HAND TOOLS (MISC) 250<br>POWER TOOLS (MISC.) 200 | MCA § 25-13-609(1) | 570.00 | 570.00 |

B6D (Official Form 6D) (12/07)

In re   KAEL D WILTSE _____ ,     Case No. _____

                           Debtor                                                 (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☑  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE | | | | | |

0    continuation sheets attached

Subtotal ➤
(Total of this page)

Total ➤
(Use only on last page)

| $ | 0.00 | $ | 0.00 |
|---|---|---|---|
| $ | 0.00 | $ | 0.00 |

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (12/07)

In re   **KAEL D WILTSE**
_____
                          Debtor

Case No. _____
                                    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐   **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☑   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐   **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑   **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>3</u>  continuation sheets attached

B6E (Official Form 6E) (12/07) – Cont.

In re    KAEL D WILTSE _____,    Case No. _____
                    Debtor                                         (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Type of Priority:  Wages, Salaries, and Commissions**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>BRIAN KILPATRICK<br>12 CHINOOK TRAIL<br>BOZEMAN, MT 59718 | | | WAGES | | | | 2.077.00 | 0.00 | $0.00 |
| ACCOUNT NO.<br>HEATHER BISHOP<br>12 CHINOOK TRAIL<br>BOZEMAN, MT 59718 | | | WAGES | | | | 2,010.00 | 0.00 | $0.00 |
| ACCOUNT NO.<br>LARRY SCHILLER<br>12 CHINOOK TRAIL<br>BOZEMAN, MT 59718 | | | WAGES | | | | 1,386.55 | 0.00 | $0.00 |
| ACCOUNT NO.<br>RICKY CLARKE<br>11399 CRYSTAL MTN RD<br>THREE FORKS, MT 59752 | | | WAGES | | | | 1,665.00 | 0.00 | $0.00 |
| ACCOUNT NO.<br>ROBERT BEDNARCHIK<br>3223 WAGON WHEEL #2<br>BOZEMAN, MT 59715 | | | WAGES | | | | 2,786.54 | 0.00 | $0.00 |
| ACCOUNT NO.<br>ROBERT MELGREN<br>PO BOX 31<br>THREE FORKS, MT 59752 | | | WAGES | | | | 1,487.50 | 0.00 | $0.00 |

Sheet no.  1  of  3  continuation sheets attached to Schedule of
Creditors Holding Priority Claims

Subtotals⯈
(Totals of this page)

| | |
|---|---|
| $    9,335.59 | $    0.00 | $    0.00 |

Total  ⯈
(Use only on last page of the completed
Schedule E. Report also on the Summary of
Schedules.)

$ 

Total  ⯈
(Use only on last page of the completed
Schedule E. If applicable, report also on the
Statistical Summary of Certain Liabilities and
Related Data. )

$                      $

B6E (Official Form 6E) (12/07) – Cont.

In re  **KAEL D WILTSE** _____     Case No. _____
　　　　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　(If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Type of Priority:  Wages, Salaries, and Commissions**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>SUZANNE DOMANSKI<br>310 DONEGAL DRIVE<br>BOZEMAN, MT 59717 | | | WAGES | | | | 1,548.96 | 0.00 | $0.00 |

Sheet no. _2_ of _3_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | | |
|---|---|---|---|
| Subtotals➤<br>(Totals of this page) | $ 1,548.96 | $ 0.00 | $ 0.00 |
| Total ➤<br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ | | |
| Total ➤<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ | $ |

B6E (Official Form 6E) (12/07) – Cont.

In re   KAEL D WILTSE _____   Case No. _____
                    Debtor                                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

Type of Priority:  **Taxes and Certain Other Debts Owed to Governmental Units**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>**INTERNAL REVENUE SERVICE**<br>**P.O. BOX 21126**<br>**PHILADELPHIA, PA 19114** | | | | | | | **UNKNOWN** | 0.00 | $0.00 |
| ACCOUNT NO.<br><br>**MONTANA DEPT OF REVENUE**<br>**KIM DAVIS, BANKRUPTCY SP**<br>**P.O. BOX 7701**<br>**HELENA, MT  59604-7701** | | | | | | | 0.00 | 0.00 | $0.00 |

Sheet no. _3_ of _3_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | Amount of Claim | Amount Entitled to Priority | Amount Not Entitled |
|---|---|---|---|
| Subtotals▸ (Totals of this page) | $        0.00 | $     0.00 | $     0.00 |
| Total ▸ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $  10,884.55 | | |
| Total ▸ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $     0.00 | $     0.00 |

B6F (Official Form 6F) (12/07)

In re    KAEL D WILTSE                                    Case No. _____
                        Debtor                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  ...0071 <br><br> AAA MOUNTAIN WEST <br> PO BOX 4129 <br> HELENA, MT 59604 | | | AAA INSURANCE <br> BUSINESS DEBT | | | | 138.13 |
| ACCOUNT NO.  FC 3232 <br><br> ADVANCE TAX SOLUTIONS <br> 1609 GAYLORD ST. <br> DENVER, CO 80206 | | | TAX CONSULTATION <br> BUSINESS DEBT | | | | 307.68 |
| ACCOUNT NO.  3-0886-0283804 & 3-0886-006 <br><br> ALLIED WASTE SERVICES <br> PO BOX 10730 <br> BOZEMAN, MT 59719 | | | TRASH REMOVAL RESIDENTIAL & BUSINESS | | | | 3,142.20 |
| ACCOUNT NO.  KW DRYWALL <br><br> ALPINE SUPPLY <br> PO BOX 4971 <br> JACKSON, WY 83001 | | | DRYWALL SUPPLIER <br> BUSINESS DEBT | | | | 70,500.12 |
| ACCOUNT NO.  L110001952/0136MT047941 <br><br> AMERICAN CLAIMS SERVICE <br> PO BOX 8010 <br> GOLDSBORO, NC 27533 | | | KWDW INSURANCE CLAIM FOR ATLANTIC CASUALTY INS. BUSINESS DEBT | | | | 1,500.00 |

  11    Continuation sheets attached

                                                      Subtotal ►  $          75,588.13

                                                      Total ►  $

                    (Use only on last page of the completed Schedule F.)
            (Report also on Summary of Schedules and, if applicable on the Statistical
                    Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **KAEL D WILTSE**                                          Case No. _____
                          _____
                                    Debtor                                                (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **KW DRYWALL** <br><br> AVITUS GROUP <br> PO BOX 81590 <br> BILLINGS, MT 59108 | | | PAYROLL SERVICES <br> BUSINESS DEBT | | | | 75,980.44 |
| ACCOUNT NO.   **CASE NOS. DV 08-0982 & DV (** <br><br> BETTER BUSINESS SYSTEMS <br> C/O MARTIN SMITH <br> FELT MARTIN FRAZIER <br> 208 N. 28TH, SUITE 313 <br> BILLINGS, MT 59103 | | | BUSINESS DEBT <br> CASE NOS. DV 08-0982 & DV 08-772A | | | | 84,490.96 |
| ACCOUNT NO. <br><br> BIG O TIRES <br> 312 NORTH 23RD AVE <br> BOZEMAN, MT 59718 | | | BUSINESS DEBT | | | | 701.36 |
| ACCOUNT NO.   **2400681 & 2400684** <br><br> BIG SKY WESTERN BANK <br> PO BOX 818 <br> BOZEMAN, MT 59771 <br><br><br> CREDIT SYSTEMS OF MT <br> P.O. BOX 875 <br> HELENA, MT 59624 | | | BUSINESS DEBT (LOANS) | | | | 42,035.56 |

Sheet no. _1_ of _11_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal   ➤   $          203,208.32

Total   ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **KAEL D WILTSE** _____   Case No. _____
                              Debtor                                      (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**   958621 | | | | | | | 268.63 |
| BOZEMAN DAILY CHRONICLE<br>2820 W. COLLEGE STREET<br>BOZEMAN, MT 59718<br><br>CBO COLLECTIONS<br>P.O. BOX 696<br>BOZEMAN, MT 59771-0696 | | | BUSINESS DEBT | | | | |
| **ACCOUNT NO.**   377514182 | | | | | | | 89.38 |
| BRESNAN COMMUNICATION<br>511 W. MENDENHALL ST<br>BOZEMAN, MT 59715<br><br>CMI<br>4200 INTERNATIONAL PKWY<br>CARROLLTON, TX 75007 | | | BUSINESS DEBT | | | | |
| **ACCOUNT NO.**   KW_DRY_J07-E | | | | | | | 1,694.72 |
| BUFFALO RESTORATION, INC.<br>PO BOX 3238<br>BOZEMAN, MT 59772 | | | BUSINESS DEBT | | | | |
| **ACCOUNT NO.**   ...6622 | | | | | | | 10,517.30 |
| CHASE AUTO FINANCE<br>PO BOX 29505<br>PHOENIX, AZ 85038<br><br>JP MORGAN CHASE BANK<br>PO BOX 901098<br>FORT WORTH, TX 76101 | | | BUSINESS DEBT AND REPOSSESSED 2001 GMC TRUCK | | | | |

Sheet no. _2_ of _11_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤ $      12,570.03

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **KAEL D WILTSE**                                          Case No. _____
                    Debtor                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **10709**<br><br>CONCORDE FINANCIAL<br>PO BOX 10459<br>FARGO, ND 58106 | | | INSURANCE<br>BUSINESS DEBT | | | | 445.42 |
| ACCOUNT NO.   **201 3872**<br><br>DEPT OF LABOR & IND.<br>UNEMPLOYMENT INS. DIV.<br>PO BOX 6339<br>HELENA, MT 69604-6339 | | | BUSINESS DEBT-CERTIFICATE OF LIEN | | | | 13,386.03 |

Sheet no.  3 of 11 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➢  $          13,831.45

Total  ➢  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **KAEL D WILTSE**                                          Case No. _____
_____
                          Debtor                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **VARIOUS** | | | | | | | 182,367.39 |
| **DEPT. OF LABOR & IND EMPLOYMENT RELATIONS WAGE & HOUR PO BOX 6518 HELENA, MT 59601**<br><br>**COLLECTION BUREAU SERV PO BOX 7339 MISSOULA, MT 59807**<br><br>**DEPT OF LABOR & INDUSTRY ATTN: JOE NEVIN COMMISSONERS OFFICE PO BOX 6518 HELENA, MT 59604**<br><br>**RICHARD BAUER 54280 GALLATIN RD GALLATIN GTWY, MT 59730**<br><br>**DAVID HEGGEM 1961 GAYLORD AVE BUTTE, MT 59701** | | | **CLAIMS FROM BUSINESS BDV 08-865, CASE NO 47-2009 BDV 08-953, CASE NO 118-2009** | | | | |
| ACCOUNT NO.   033169900 | | | | | | | 653.29 |
| **DIRECT TV P.O. BOX 78626 PHOENIX, AZ 85062**<br><br>**THE CBE GROUP 131 TOWER PARK DR. SUITE 100 WATERLOO, IA 50701** | | | **DISH SERVICE** | | | | |

Sheet no. _4_ of _11_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal    ➤ $      183,020.68

Total    ➤ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   __KAEL D WILTSE_____      Case No. _____
                          Debtor                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   CAUSE NO. 09-1877 | | | | | | | 5,000.00 |
| DUANE E. WILTSE JANET M. WILTSE 650 HIGH LONESOME TR. BOZEMAN, MT 59718 | | | LAWSUIT-CONSTRUCTION LIEN | | | | |
| ACCOUNT NO.   4840A289 | | | | | | | 2,465.09 |
| DUVERA FINANCIAL 5620 PASEO DEL NORTE # 127-233 CARLSBAD, CA 92008 | | | BUSINESS DEBT | | | | |
| ACCOUNT NO.   7060365-71-54 | | | | | | | 2,989.00 |
| FARMERS INSURANCE PO BOX 0913 CAROL STREAM, IL 60132 | | | BUSINESS DEBT | | | | |
| ACCOUNT NO.   ...2797/35514-28352 & 35447-2 | | | | | | | 4,993.39 |
| FIRST INTERSTATE BANK PO BOX 10910 BOZEMAN, MT 59719 | | | BUSINESS DEBT | | | | |
| ROCKY MTN CREDIT PO BOX 4472 BOZEMAN, MT 59772 | | | | | | | |
| CBB COLLECTIONS PO BOX 31213 BILLINGS, MT 59107 | | | | | | | |

Sheet no. _5_ of _11_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➢ $                                                 15,447.48

Total ➢ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **KAEL D WILTSE**                                              Case No. _____
                              Debtor                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   4986<br><br>HIGH COUNTRY RENTAL INC<br>PO BOX 1510<br>LIVINGSTON, MT 59047 | | | SERVICES | | | | 58.96 |
| ACCOUNT NO.   VARIOUS<br><br>JCCS ACCOUNTING<br>PO BOX 16237<br>MISSOULA, MT 59808<br><br>CBM COLLECTION INC<br>416 RYMAN STREET<br>MISSOULA, MT 59772 | | | BUSINESS DEBT | | | | 1,229.39 |
| ACCOUNT NO.<br><br>JEFF AND ROBIN WILTSE<br>4526 CPFFEEM AVE<br>SHERIDAN, WY 82801 | | | LOAN | | | | 26,650.00 |
| ACCOUNT NO.   KW DRYWALL<br><br>KBOZ RADIO<br>PO BOX 20<br>BOZEMAN, MT 59718 | | | BUSINESS DEBT | | | | 2,218.53 |

Sheet no. _6_ of _11_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ⮕ $ | 30,156.88

Total ⮕ $ |
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   KAEL D WILTSE                                          Case No. _____
                          Debtor                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 00914706 | | | | | | | 72.15 |
| KNOWLES PUBLISHING PO BOX 911004 FORT WORTH, TX 76111 | | | BUSINESS DEBT | | | | |
| ACCOUNT NO. 33 | | | | | | | 773.20 |
| L AND L SITE SERVICES PO BOX 1403 BELGRADE, MT 59714 | | | BUSINESS DEBT | | | | |
| ACCOUNT NO. 03-3287673 | | | | | | | 85,946.00 |
| MONTANA STATE FUND ATTN: CURTIS E. LARSEN PO BOX 4759 HELENA, MT 59604 | | | WORK COMP INSURANCE BUSINESS DEBT - CAUSE NO BDV 2008-642 | | | | |
| ACCOUNT NO. 958621 | | | | X | | | 99.51 |
| NORTHWESTERN ENERGY 40 E. BROADWAY ST. BUTTE, MT 59701-9394 CBO COLLECTIONS P.O. BOX 696 BOZEMAN, MT 59771-0696 | | | BUSINESS DEBT | | | | |

Sheet no. 7 of 11 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $ 86,890.86

Total $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   KAEL D WILTSE                                            Case No. _____
                        Debtor                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | 171.48 |
| PAMIDA 100W. WASHINGTON ST LIVINGSTON, MT 59072 COLLECTION BUREAU SERV PO BOX 7339 MISSOULA, MT 59807 | | | NSF CHECK - 12/1/05 | | | | |
| ACCOUNT NO.   1688692 | | | | | | | 49.80 |
| PERSONNEL CONCEPTS 3200 E. GUASTI RD SUITE 300 ONTARIO, CA 91761-8661 | | | BUSINESS DEBT | | | | |
| ACCOUNT NO.   4065862339539/406522881127 | | | | | | | 973.88 |
| QWEST 2825 W. MAIN ST BOZEMAN, MT 59718 WEST ASSET MANAGMENT 7172 MERCY ROAD OMAHA, NE 68106 | | | BUSINESS DEBT | | | | |
| ACCOUNT NO. | | | | | | | 71.99 |
| QWEST ATTN: BANKRUPTCY DEPT 220 NORTH 5TH ST. BISMARCK, ND 58501 ALLIED INTERSTATE 3000 CORPORATE EXCH SUITE 600 COLUMBUS, OH 43231 | | | BUSINESS DEBT ALLIED ACCT NO. 14033808 | | | | |

Sheet no. _8_ of _11_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤ $                1,267.15

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re    KAEL D WILTSE _____    Case No. _____
                              Debtor                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   KW DRYWALL | | | | | | | 29,887.34 |
| ROCKY MTN RUSTICS 415 WINDY PASS TRAIL GALLATIN GTWY, MT 59730 | | | BUSINESS DEBT | | | | |
| CROWLEY FLECK ATTN: NEIL WESTESEN PO BOX 10969 BOZEMAN, MT 59718 | | | | | | | |
| ACCOUNT NO.   20083828 | | | | | | | 12,101.19 |
| SHERWIN WILLIAMS C/O KEVIN L. HILLIER 1740A EAST POWELL BLVD GRESHAM, OR 97030 | | | BUSINESS DEBT & CONSTRUCTION LIENS | | | | |
| CST CO INC PO BOX 33127 LOUISVILLE, KY 40232 | | | | | | | |
| SMITH LAW FIRM PO BOX 4759 HELENA, MT 59624 | | | | | | | |
| ACCOUNT NO.   182649 | | | | | | | 4,968.16 |
| SKY FEDERAL CU ATTN:  ALICE WILLIAMS PO BOX 1690 LIVINGSTON, MT 59047 | | | BUSINESS DEBT AND REPOSSESSED 1995 DODGE TRUCK | | | | |

Sheet no.  9 of 11 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal ➤ | $ 46,956.69 |
| Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **KAEL D WILTSE**                                            Case No. _____
                              Debtor                                            (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  SKY08, COL08(G184558)<br>STATEWIDE PUBLISHING, MT<br>5009 W. CLEARWATER AVE.<br>STE H<br>KENNEWICK, WA 99336 | | | YELLOWPAGE ADS<br>BUSINESS DEBT | | | | 2,971.16 |
| ACCOUNT NO.  KW DRYWALL<br>THE PAINT POT<br>549 E. MAIN STREET<br>BOZEMAN, MT 59715 | | | BUSINESS DEBT | | | | 5,118.61 |
| ACCOUNT NO.  960147<br>THOMPSON RENTAL SHOP<br>2104 INDUSTRIAL DR<br>BOZEMAN, MT 59715<br><br>CBO COLLECTIONS<br>P.O. BOX 696<br>BOZEMAN, MT 59771-0696 | | | BUSINESS DEBT | | | | 531.51 |
| ACCOUNT NO.  17831<br>TOUR AMERICA RV CENTER<br>2220 OLD HARDIN RD<br>BILLINGS, MT 59101 | | | BUSINESS DEBT | | | | 336.51 |

Sheet no. _10_ of _11_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➢  $        8,957.79

Total  ➢  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   **KAEL D WILTSE**_____        Case No. _____
                              Debtor                                            (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | 299.72 |
| TRAX CONVENIECE STORE 5292 US HWY 89 LIVINGSTON, MT 59407  COLLECTION BUREAU SERV. PO BOX 7339 MISSOULA, MT 59807 | | | NSF CHECK 1/9/06 | | | | |
| ACCOUNT NO.   2009015540 | | | | | | | 2,024.00 |
| US DEPARTMENT OF LABOR DELINQUENT ACCTS COLL PO BOX 2422 WASHINGTON, DC 20013  THE CBE GROUP | | | OSHA BUSINESS DEBT | | | | |
| ACCOUNT NO.   047116849000001/5991968/08 | | | | | | | 1,762.86 |
| VERIZON PO BOX 9622 MISSION HILLS, CA 91346  DIVERSIFIED CONSULTANTS PO BOX 391 SOUTHGATE, MI 48195  NORTH SHORE AGENCY 270 SPAGNOLI RD MELVILLE, NY 11747 | | | BUSINESS DEBT | | | | |

Sheet no. _11_ of _11_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➢  $    4,086.58

Total ➢  $    681,982.04

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (12/07)

In re:   KAEL D WILTSE _____   Case No. _____

                        **Debtor**                                    (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| DARRELL HAYDEN<br>PO BOX 362<br>CARPENTER, WY 82054 | RENTAL AGREEMENT |

B6H (Official Form 6H) (12/07)

In re: **KAEL D WILTSE**                                          Case No. _____
_____                                              (if known)
                          Debtor

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

B6I (Official Form 6I) (12/07)

In re **KAEL D WILTSE**                                    Case No. _____
_____
        Debtor                                                  (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **SINGLE** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **CHINKING LABORER** | |
| Name of Employer | **ROCHE JANNE CHINKING** | |
| How long employed | **07/2008 TO PRESENT** | |
| Address of Employer | **1545 BRIDGER WOODS**<br>**BOZEMAN, MT 59718** | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 1,989.52 | $ |
| 2. Estimate monthly overtime | $ 0.00 | $ |
| 3. SUBTOTAL | $ 1,989.52 | $ |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 392.69 | $ |
| b. Insurance | $ 0.00 | $ |
| c. Union dues | $ 0.00 | $ |
| d. Other (Specify) _____ | $ 0.00 | $ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 392.69 | $ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 1,596.83 | $ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ |
| 8. Income from real property | $ 0.00 | $ |
| 9. Interest and dividends | $ 0.00 | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ |
| 11. Social security or other government assistance (Specify) | $ 0.00 | $ |
| 12. Pension or retirement income | $ 0.00 | $ |
| 13. Other monthly income (Specify) _____ | $ 0.00 | $ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 1,596.83 | $ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 1,596.83 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

**NONE**
_____

B6J (Official Form 6J) (12/07)

In re KAEL D WILTSE                                        Case No. _____
                    Debtor                                              (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 560.00 |
|     a. Are real estate taxes included?   Yes _____ No ✓ | | |
|     b. Is property insurance included?   Yes _____ No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 85.00 |
|     b. Water and sewer | $ | 23.00 |
|     c. Telephone | $ | 85.00 |
|     d. Other _____ | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 300.00 |
| 5. Clothing | $ | 25.00 |
| 6. Laundry and dry cleaning | $ | 15.00 |
| 7. Medical and dental expenses | $ | 140.00 |
| 8. Transportation (not including car payments) | $ | 110.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 100.00 |
| 10. Charitable contributions | $ | 15.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | 15.00 |
|     b. Life | $ | 0.00 |
|     c. Health | $ | 0.00 |
|     d. Auto | $ | 78.00 |
|     e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 0.00 |
|     b. Other **PROBATION PAYMENTS** | $ | 21.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other **MISCELLANEOUS** | $ | 100.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

$ 1,672.00

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
|     a. Average monthly income from Line 15 of Schedule I | $ | 1,596.83 |
|     b. Average monthly expenses from Line 18 above | $ | 1,672.00 |
|     c. Monthly net income (a. minus b.) | $ | -75.17 |

B6 Summary (Official Form 6 - Summary) (12/07)

## United States Bankruptcy Court
## District of Montana

In re  KAEL D WILTSE _____,        Case No. _____

Debtor

Chapter    7 _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $       0.00 | | |
| B - Personal Property | YES | 3 | $   8,873.70 | | |
| C - Property Claimed as Exempt | YES | 2 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $       0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 4 | | $   10,884.55 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 12 | | $   681.982.04 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $   1,596.83 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $   1,672.00 |
| TOTAL | | 27 | $   8,873.70 | $   692,866.59 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## District of Montana

In re  **KAEL D WILTSE**

Debtor

Case No. _____

Chapter  **7**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations  (from Schedule F) | $ |
| TOTAL | $ 0.00 |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 1,596.83 |
| Average Expenses (from Schedule J, Line 18) | $ 1,672.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | $ 1,989.52 |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $681,982.04 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $681,982.04 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  KAEL D WILTSE                                     Case No. _____
                    Debtor                                              (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ 29 _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  _10. 01. 09_                    Signature: _____
                                                              KAEL D WILTSE
                                                                      Debtor
                                              [If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP
### (NOT APPLICABLE)

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.*

B7 (Official Form 7) (12/07)

## UNITED STATES BANKRUPTCY COURT
### District of Montana

In re:   **KAEL D WILTSE**                                          Case No. _____

_____
Debtor                                                          (If known)

# STATEMENT OF FINANCIAL AFFAIRS

### 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 13,446.30 | YEAR TO DATE INCOME AS OF AUGUST 31, 2009 | 2009 |
| -249,202.00 | INCOME | 2007 |
| UNKNOWN | INCOME | 2008 |

### 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

### 3.  Payments to creditors

***Complete a. or b., as appropriate, and c.***

None
☑

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

2

None
☑

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

None
☐

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **JEFF AND ROBIN WILTSE**<br>**PARENTS** | 09.22.08 - $500.00<br>11.01.08 - $500.00<br>12.05.08 - $500..00<br>12.23.08 - $500.00<br>01.20.09 - $500.00<br>03.04.09 - $500.00<br>04.20.09 - $350.00<br>05.08.09 - $350.00 | | |

3

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| STATE OF MONTANA DEPARTMENT OF LABOR AND INDUSTRY UNEMPLOYMENT INSURANCE DIVISION VS. KAEL DUANE WILTSE - OWNER AND KW DRYWALL<br>201 3872 | CERTIFICATE OF LIEN | DEPART OF LABOR & IND. UNEMPLOYMENT INS BUREAU HELENA, MT | PENDING |
| STATE OF MONTANA, COMMISSIONER OF THE DEPARTEMENT OF LABOR AND INDUSTRY, EMPLOYEMENT RELATIONS DIVISION, ex rel.: RICHARD L. BAUER VS. KAEL B. WILTSE D/B/A KW DRYWALL, AN ASSUMED BUSINESS NAME REGISTERED IN MONTANA<br>BDV 08-865 | UNPAID WAGES & PENALTIES | FIRST JUDICIAL DISTRICT LEWIS & CLARK CTY, MT | PENDING |
| CONCERNING THE WAGE CLAIM OF RICHARD L. BAUER VS. KAEL B. WILTSE D/B/A KW DRYWALL, AN ASSUMED BUSINESS NAME REGISTERED IN MONTANA<br>47-2009 | UNPAID WAGES | COMMISSIONER OF LABOR & INDUSTRY WAGE & HOUR STATE OF MONTANA | PENDING |
| STATE OF MONTANA, COMMISSIONER OF THE DEPARTEMENT OF LABOR AND INDUSTRY, EMPLOYEMENT RELATIONS DIVISION, ex rel.: DAVID R. HEGGEM VS. KAEL B. WILTSE D/B/A KW DRYWALL, AN ASSUMED BUSINESS NAME REGISTERED IN MONTANA<br>BDV-08-953 | UNPAID WAGES & PENALTIES | FIRST JUDICIAL DISTRICT LEWIS & CLARK CTY, MT | PENDING |
| MONTANA STATE FUND VS. KAEL B. WILTSE<br>BDV 2008-642 | COMPLAINT WORK COMP INSURANCE | FIRST JUDICIAL DISTRICT LEWIS & CLARK CTY, MT | PENDING |
| COLLECTION BUREAU SERVICES, INC. VS. KAEL B WILTSE INDV AND D/B/A KW DRYWALL<br>CV 06-1170 | PENDING | JUSTICE COURT PARK COUNTY, MT | PENDING |
| DUANE E. WILTSE AND JANET M. WILTSE VS. KAEL D. WILTSE<br>CV 09-1879 | COMPLAINT | JUSTICE COURT GALLATIN CTY BOZEMAN, MT | PENDING |
| CONCERNING THE WAGE CLAIM OF DAVID R. HEGGEM VS. KAEL B. WILTSE D/B/A KW DRYWALL, AN ASSUMED BUSINESS NAME REGISTERED IN MONTANA<br>118-2009 | UNPAID WAGES | COMMISSIONER OF LABOR AND INDUSTRY WAGE & HOUR STATE OF MONTANA | PENDING |

| | | | 4 |
|---|---|---|---|
| BETTER BUSINESS SYSTEMS OF MONTANA, INC. VS. KAEL WILTSE AND KAEL WILTSE D/B/A KW DRYWALL     DV 08-722A | LAWSUIT | 18TH JUDICIAL DISTRICT GALLATIN COUNTY, MT | JUDGMENT/G ARNISHING WAGES |
| BETTER BUSINESS SYSTEMS OF MONTANA, INC. VS. KAEL WILTSE AND KAEL WILTSE D/B/A KW DRYWALL     DV 08-0982 | COMPLAINT | 13TH JUDICIAL DISTRICT YELLOWSTONE CO, MT | PENDING |

None ☐  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| AMERICAN BANK PO BOX 1970 BOZEMAN, MT 59771 | 01/27/2009 | JUDGMENTS PASSED-$5,743.32 |
| AVITUS GROUP DBA BETTER BUS SYSTEMS C/O MARTIN SMITH PO BOX 2558 BILLINGS, MT 59103 | 11/17/2008 | 5/1/09 - 248.65; 5/18/09 - 223.08; 6/1/09 - 213.09; 6/16/09 - 156.00; 7/1/09 - 252.75; 7/17/09 - 272.73; 8/3/09 - 190.76; 8/17/09 - 186.66; 9/1/09 - 288.31 |

## 5.  Repossessions, foreclosures and returns

None ☐  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| BIG SKY WESTERN BANK PO BOX 818 BOZEMAN, MT 59771 | 07/04/2008 | ALL REMAINING ASSETS OF BUSINESS - SEE #10 OTHER TRANSFERS - ASSETS WERE SOLD BY YELLOWSTONE VENTURES INC IN LIQUIDATION SALE SEPTEMBER 2008 |
| CHASE AUTO PO BOX 901098 FORT WORTH, TX 76101 | 07/13/2008 | 2001 GMC TRUCK UNKNOWN |
| SKY FEDERAL CREDIT UNION PO BOX 1690 LIVINGSTON, MT 59047 | 07/17/2008 | 1995 DODGE TRUCK UNKNOWN |

5

## 6.  Assignments and receiverships

None
☑
a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
☑
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

## 7.  Gifts

None
☑
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

## 8.  Losses

None
☑
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

## 9.  Payments related to debt counseling or bankruptcy

None
☐
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| JAMES A. PATTEN PATTEN, PETERMAN, BEKKEDAHL & GREEN PLLC 2817 2ND AVE N, STE 300 BILLINGS, MT 59101 | FEBRUARY 19, 2009, MELISSA S. SUTHERLAND $1,500.00 | $2,750.00 ($2,451.00 LEGAL FEE; $299.00 FILING FEE) |

6

## 10.  Other transfers

None  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the
☐   debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.
    (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint
    petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **YELLOWSTONE VENTURES INC P. O. BOX 1397302 BILLINGS, MT 59101**     **NONE - LIQUIDATOR** | 09/08/2008 | **LIQUIDATION SALE OF VARIOUS BUSINESS ASSETS AND PROPERTY OF DEBTOR; PAYMENT TO BIG SKY WESTERN BANK FOR LIQUIDATION IN THE AMOUNT OF 13,876.46** |

None  b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a
☑   self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR' INTEREST IN PROPERTY |
|---|---|---|

## 11.  Closed financial accounts

None  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed,
☐   sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking,
    savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks,
    credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors
    filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both
    spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **AMERICAN BANK PO BOX 1970 BOZEMAN, MT 59771** | **BUSINESS CHECKING ...2568 ACCOUNT WAS LEVIED AND CLOSED PER CASE NO. BDV 08-865** | **JANUARY, 2009** |

## 12.  Safe deposit boxes

None  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within
☑   **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
    must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are
    separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

7

### 13. Setoffs

None

☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None

☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None

❑

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 111 SO. 8TH ST.<br>LIVINGSTON, MT 59047 | KAEL D. WILTSE | 4/12/5-5/26/6 |
| 135 HIDEWAY DRIVE<br>BOZEMAN, MT | KAEL D. WILTSE | 8/1/8 - 5/1/09 |
| 70 SPRINGHILL LN<br>BOZEMAN, MT 59715 | KAEL D. WILTSE | 6/1/09 - PRESENT |
| 379 A CHASE WAY<br>BOZEMAN, MT | KAEL D. WILTSE | 5/26/6 - 8/1/8 |

### 16. Spouses and Former Spouses

None

☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

8

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
☑

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
☑

c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

9

## 18. Nature, location and name of business

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| KAEL WILTSE/KW DRYWALL | 86-1148330 | PO BOX 847 BOZEMAN, MT 59771 | SUBCONTRACTOR | 04/12/2005 06/23/2008 |

None
☑

b.        Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

## 19. Books, records and financial statements

None
☑

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None
☑

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
☑

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None
☑

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

## 20. Inventories

None
☑

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

10

None ☑   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| | |

## 21. Current Partners, Officers, Directors and Shareholders

None ☑   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| | | |

None ☑   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| | | |

## 22. Former partners, officers, directors and shareholders

None ☑   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|
| | | |

None ☑   b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| | | |

## 23. Withdrawals from a partnership or distributions by a corporation

None ☑   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

## 24. Tax Consolidation Group.

None ☑   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| | |

## 25. Pension Funds.

None ☑   If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| | |

11

\* \* \* \* \* \*

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _10·01   09_                              Signature
                                              of Debtor   _____

                                              KAEL D WILTSE

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## District of Montana

In re _____ **KAEL D WILTSE** _____    Case No. _____

Debtor                                                                          Chapter 7

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>None | **Describe Property Securing Debt:** |

Property will be *(check one)*:
- ☐ Surrendered          ☐ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
- ☐ Claimed as exempt          ☐ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>DARRELL HAYDEN | **Describe Leased Property:**<br>RENTAL AGREEMENT | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES          ☐ NO |

___0___  continuation sheets attached *(if any)*

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: _10.01.09_                        _____
                                        **KAEL D WILTSE**
                                        Signature of Debtor

Form B1, Exhibit C
(9/01)

# UNITED STATES BANKRUPTCY COURT
## District of Montana

Exhibit "C"

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

In re:   **KAEL D WILTSE**                                             Case No.:

                                                                                    Chapter:   7

                    Debtor(s)

Exhibit "C" to Voluntary Petition

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**N/A**

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**N/A**

B202 (Form 202) (08/07)

# United States Bankruptcy Court
## District of Montana

In re   **KAEL D WILTSE**

Case Number
Chapter                    7

## STATEMENT OF MILITARY SERVICE

    The Servicemembers' Civil Relief Act of 2003, Pub. L. No. 108-189, provides for the temporary suspension of certain judicial proceedings or transactions that may adversely affect military servicemembers, their dependents, and others. Each party to a bankruptcy case who might be eligible for relief under the act should complete this form and file it with the Bankruptcy Court.

### IDENTIFICATION OF SERVICEMEMBER
❑    Self (Debtor, Codebtor, Creditor, Other)
❑    Non-Filing Spouse of Debtor (name)
❑    Other    (Name of servicemember)
           (Relationship of filer to servicemember)
           (Type of liability)

### TYPE OF MILITARY SERVICE
U.S. Armed Forces (Army, Navy, Air Force, Marine Corps, or Coast Guard) or commissioned officer of the Public Health Service or the National Oceanic and Atmospheric Administration (specify type of service)

❑    Active Service since     (date)
❑    Inductee - ordered to report on     (date)
❑    Retired / Discharged     (date)

U.S. Military Reserves and National Guard
❑    Active Service since     (date)
❑    Impending Active Service - orders postmarked     (date)
           Ordered to report on     (date)
❑    Retired / Discharged     (date)

U.S. Citizen Serving with U.S. ally in war or military action (specify ally and war or action)

❑    Active Service since     (date)
❑    Retired / Discharged     (date)

### DEPLOYMENT
❑    Servicemember deployed overseas on     (date)
           Anticipated completion of overseas tour-of-duty     (date)

**SIGNATURE**

_Kael Wtse_

**KAEL D WILTSE**
(print name)

Date _10.01.09_

*This statement is for information use only. Filing this statement with the Bankruptcy Court does not constitute an application for or invoke the benefits and relief available under the Servicemembers' Civil Relief Act of 2003.*

B 203
(12/94)

### UNITED STATES BANKRUPTCY COURT
**District of Montana**

In re:  KAEL D WILTSE

Debtor

Case No. _____

Chapter    7

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $ 2,750.00 |
| Prior to the filing of this statement I have received | $ 2,750.00 |
| Balance Due | $ 0.00 |

2. The source of compensation paid to me was:

☑ Debtor     ☑ Other (specify)     **MELISSA SUTHERLAND $1,500.00 PD FEBRUARY 2009; REST PAID BY DEBTOR**

3. The source of compensation to be paid to me is:

☐ Debtor     ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a)  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b)  Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e)  [Other provisions as needed]
       **CRAIG D. MARTINSON AND JAMES A. PATTEN ARE THE LEAD ATTORNEYS ON THIS CASE AND THEIR HOURLY RATE IS $225.00 AND THE PARALEGALS WORKING ON THIS CASE ARE LEANNE BEATTY AND APRIL SCHUELER AND THEIR HOURLY RATE IS $110.00.**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **NO REPRESENTATION AT ADVERSARIAL PROCEEDINGS**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: 10/1/09

_____
JAMES A. PATTEN, Bar No. 1191

PATTEN, PETERMAN, BEKKEDAHL, & GREEN
Attorney for Debtor(s)

B 201 (12/08)

UNITED STATES BANKRUPTCY COURT
**DISTRICT OF MONTANA**

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

### 1. Services Available from Credit Counseling Agencies

With limited exceptions, § 109(h) of the Bankruptcy Code requires that **all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

In addition, after filing a bankruptcy case, **an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

### 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

B 201                                                                                                    Page 2

     1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of
their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar
amounts set forth in the Bankruptcy Code.
     2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe
them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years,
depending upon your income and other factors. The court must approve your plan before it can take effect.
     3. After completing the payments under your plan, your debts are generally discharged except for domestic support
obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not
properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term
secured obligations.

**Chapter 11:  Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)**

     Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions
are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

     Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future
earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises
primarily from a family-owned farm or commercial fishing operation.

## 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

     A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of
perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All
information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General
acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and
employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your
creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this
information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the
local rules of the court.

### Certificate of the Debtor

I , the debtor, affirm that I have received and read this notice.

**KAEL D WILTSE** _____  X _____  _10.01.09_

Printed Name of Debtor                                            KAEL D WILTSE
                                                                 Signature of Debtor                                Date

Case No. (if known) _____

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MONTANA

In re   **KAEL D WILTSE**                                    Case No.

Debtor.                                                            Chapter     **7**

### STATEMENT OF MONTHLY NET INCOME

The undersigned certifies the following is the debtor's monthly income .

| Income: | Debtor |
|---------|--------|
| Six months ago | $2,047.10 |
| Five months ago | $1,155.00 |
| Four months ago | $2,380.00 |
| Three months ago | $1,799.00 |
| Two months ago | $2,681.00 |
| Last month | $1,848.00 |
| Income from other sources | $0.00 |
| Total net income for six months preceding filing | $ 11,910.10 |
| **Average Monthly Net Income** | $ 1,985.02 |

Attached are all payment advices received by the undersigned debtor prior to the petition date, I declare under penalty of perjury that I have read the foregoing statement and that it is true and correct to the best of my knowledge, information, and belief.

Dated:   _10·01·09_

_[signature]_

KAEL D WILTSE
                        Debtor